J-S56009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRISTOPHER DIAZ | |
| Appellant | No. 2148 EDA 2016 |

Appeal from the PCRA Order June 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014503-2009

BEFORE:  BOWES, STABILE, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                           **FILED OCTOBER 26, 2017**

Christopher Diaz appeals from the June 22, 2016 order denying PCRA relief.  He alleges that the PCRA court erred in dismissing his petition without an evidentiary hearing.  We affirm.

Appellant and his two cohorts committed a home invasion robbery on August 28, 2009, and seriously injured the two residents of the home.  At approximately 2:45 a.m., Alexis Rodriguez and Waleska Figueroa were awakened by Appellant, his co-defendant Ray Torres, and a third unidentified co-conspirator.  Appellant stabbed Mr. Rodriguez three times in the stomach with a knife while Torres struck Ms. Figueroa in the head several times with a baseball bat.  They stole $2,100 and fled the home.

---

*  Retired Senior Judge specially assigned to the Superior Court.

Following an oral colloquy, Appellant entered a negotiated *nolo contendere* plea to robbery, conspiracy, and possession of an instrument of crime on January 31, 2011. He was sentenced that day to a negotiated term of imprisonment of four to ten years. Appellant did not file a direct appeal.

On May 4, 2011, Appellant filed a timely *pro se* PCRA petition. Attorney J. Matthew Wolfe was appointed as PCRA counsel, and counsel filed an amended petition on Appellant's behalf on October 24, 2014. Appellant claimed therein that his plea was not knowing and voluntary due to his "lack of total comprehension of the English language," and that plea counsel was ineffective for failing to ensure that he understood the plea. PCRA Petition, 10/24/14, at 2. He requested an evidentiary hearing. The Commonwealth moved to dismiss the amended petition without a hearing pursuant to Rule 907, and on June 22, 2015, the PCRA court granted the motion and dismissed the petition.

Appellant filed a timely appeal on July 8, 2016. Appellant presents one issue for our review: Did the Lower Court err in dismissing the Appellant's PCRA Petition without holding an evidentiary hearing where the Appellant raised significant issues of material fact relating to whether his plea was knowing and voluntary and whether counsel was ineffective in failing to ensure that the plea was proper? Appellant's brief at 8.

In reviewing the denial of relief under the PCRA, we are limited to determining whether the record supports the findings of the PCRA court and whether the court's order is otherwise free of legal error. *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015); *Commonwealth v. Roane*, 142 A.3d 79, 86 (Pa.Super. 2016). A petitioner is not entitled to an evidentiary hearing. If the PCRA court is satisfied there is no genuine issue of material fact, that no purpose would be served by such a hearing, and that petitioner is not entitled to relief, it may dismiss the petition without a hearing. Pa.R.Crim.P. 907(1); *Commonwealth v. Albrecht*, 994 A.2d 1091(Pa. 2010).

Furthermore, "counsel is presumed effective, and in order to overcome that presumption, a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015).

The following principles apply to plea proceedings. A criminal defendant is entitled to effective counsel during the plea process. *Commonwealth v. Bedell*, 954 A.2d 1209 (Pa.Super. 2009). There is a presumption that when a defendant enters a plea, "he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Nelson*, 666 A.2d 714, 717 (Pa.Super. 1995).

However, after imposition of sentence, a defendant is not permitted to withdraw his plea unless he shows prejudice that results in a manifest injustice. **Bedell**, **supra**. That entails proof that a plea was entered involuntarily, or unknowingly, which involves a determination that is made by examining the totality of circumstances surrounding entry of the plea. **Commonwealth v. Eichinger**, 108 A.3d 821 (Pa. 2014). "[C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or knowing plea." **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa.Super. 1996) (*en banc*).

Appellant alleges that plea counsel was ineffective because she failed to determine the impact of his lack of English comprehension on his ability to knowingly, intelligently and voluntarily enter a plea. He contends that this claim raised an issue of material fact that required an evidentiary hearing to enable the court to make the ineffectiveness determination.

The Commonwealth counters that the record of the plea colloquy refutes Appellant's claim. Appellant testified under oath that he read, wrote, and comprehended English, and he answered the court's questions without hesitation or need for an interpreter. Counsel for Appellant represented to the court that she had discussed the consequences of the plea and was satisfied that Appellant was competent to enter the plea.

The record reveals the following. Lenora Clayton, Esquire, represented Appellant at the plea hearing. The court placed Appellant under oath and conducted an extensive colloquy. Appellant repeatedly acknowledged that he understood the information conveyed and the questions asked. He confirmed that he was pleading no contest to two counts of robbery, felonies of the first degree, and one count each of conspiracy as a felony of the first degree and possessing an instrument of crime, in this case, a knife. He professed his understanding that the Commonwealth would recommend a sentence of four to ten years and restitution.

The following exchange occurred between the court and Appellant:

**Q**. How old are you, sir?

**A**. 21.

**Q**. How far have you gone in school?

**A**. I was in my last year before I caught this case.

**Q**. So you've completed 11th grade?

**A**. Yes, yes.

**Q**. And I assume you read, write and understand the English language?

**A**. Yes.

**Q**. And as you appear in court today right now, are you under the influence of drugs, alcohol, or medication?

**A**. No.

**Q**. Have you ever been treated for a mental illness?

**A**. No.

**Q**. Do you understand that you do have the absolute right to plead not guilty to the charges against you and go to trial? Do you understand that?

**A**. Yes.

N.T. Guilty Plea, 1/31/11, at 4-6.

The court went on to explain the presumption of innocence, the Commonwealth's burden of proof, Appellant's right to call witnesses on his own behalf and cross-examine Commonwealth witnesses, and Appellant confirmed his understanding of these rights on the record. At that point, the court explained the appellate rights Appellant was foregoing by pleading *nolo contendere*:

**Q.** When you plead no contest, your right to file an appeal is limited to three grounds. The first is that your plea of no contest was not made voluntarily. So I'm going to ask you directly, are you pleading no contest today voluntarily and of your own free will? Are you pleading no contest voluntarily today, sir?

**A.** Yes.

**Q.** Are you pleading no contest of your own free will?

**A.** Yes.

**Q.** Has anyone threatened you or forced you in any way to make you plead no contest?

**A.** No.

**Q.** Aside from the understanding that in exchange for the Commonwealth's recommendation of a sentence of four to ten years and restitution of $1050, aside from that, is there any other understanding or agreement that exists between you and

the Assistant District Attorney that would cause or induce you to enter into this plea of no contest?

Is that the entire agreement between you and the Commonwealth?

**A.** Yes.

**Q.** Four to ten and the restitution?

**A.** Yes.

**Q.** And are you satisfied with her advice and her representation?

**A.** Yes.

N.T. Guilty Plea, 1/31/11, at 12-13.

Counsel represented to the court that she discussed with Appellant his right to plead not guilty and go to trial, he understood his rights, and that she was satisfied that he was competent and qualified to enter into the negotiated *nolo contendere* plea. Appellant professed his understanding of the consequences of the plea. The court stated that it was satisfied, "based on your answers and those of your attorney . . . that your plea today is offered on a voluntary basis." *Id*. at 14.

The attorney for the Commonwealth defined each of the crimes to which Appellant was pleading no contest, the elements, and the maximum sentences that could be imposed. Again, the court asked Appellant if he wished to enter the plea of no contest, and he responded in the affirmative. Following a summarization of the evidence, the court asked Appellant whether he was able to hear and understand that summary, and Appellant

responded in the affirmative. When asked how he pled to each of the charges, Appellant responded "No contest." *Id*. at 23. The pre-sentence report having been waived, the court proceeded to sentencing. Appellant declined to speak on his own behalf. Following his sentencing, Appellant was informed of his post-sentence and appeal rights.

The PCRA court found that Appellant's assertion that he did not have a full grasp of the English language was "belied by the record." PCRA Court Opinion, 1/17/17, at 9. The court pointed to Appellant's testimony under oath that he that read, wrote, and understood English, and that he completed the eleventh grade in school. He had not been treated for mental illness, was not under the influence of any medications, and he repeatedly represented in open court that he understood the nature and consequences of his plea. He stated that he was pleading voluntarily and that no one induced him to plead against his wishes. Appellant confirmed the summary of facts and acknowledged the maximum possible sentences for the offenses. The PCRA court found that Appellant was competent and qualified to enter into the plea, he understood the consequences of his plea, and entered it knowingly, voluntarily, and intelligently. It concluded further, since Appellant was bound by statements made under oath during his guilty plea and could not withdraw the plea based upon new representations, there were no genuine issues concerning any material fact. Hence, "no purpose

would be served by any further proceedings." Pa.R.Crim.P. 907(1); *see also Commonwealth v. Yeomans*, 24 A.3d 1044 (Pa.Super. 2011).

The record supports the PCRA court's finding that Appellant's *nolo contendere* plea was knowingly, voluntarily, and intelligently made. Appellant's responses to the court's questions at the plea hearing were appropriate, he conveyed the information requested in English without hesitation, and demonstrated that he understood the nature and consequences of the plea. Appellant, who was born in Philadelphia, repeatedly acknowledged under oath that he understood English, knew what he was doing in entering the plea, and that he did so voluntarily. Since he is bound by those representations, dismissal of Appellant's petition without an evidentiary hearing was appropriate. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2017